1
2
3
4
5
6
7
8
9
10                    UNITED STATES DISTRICT COURT
11                    EASTERN DISTRICT OF CALIFORNIA

12
13  BRENDA DARLENE HEFNER,              )   1:07-CV-00345 LJO NEW (DLB) HC
                                        )
14              Petitioner,             )
                                        )   FINDINGS AND RECOMMENDATION
15       v.                             )   REGARDING PETITION FOR WRIT OF
                                        )   HABEAS CORPUS
16  GLORIA HENRY, Warden,               )
                                        )
17              Respondent.             )
                                        )
18

19       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
20  pursuant to 28 U.S.C. § 2254.

21                              **BACKGROUND**[1]

22       Petitioner is currently in the custody of the California Department of Corrections pursuant to
23  a judgment of the Superior Court of California, County of Tuolumne, following her conviction by
24  jury trial on May 27, 2005, of kidnaping in violation of Cal. Penal Code § 207(a), and assault with a
25  firearm in violation of Cal. Penal Code § 245(a)(2). Several sentencing enhancements were also
26  found to be true. Petitioner was sentenced to serve a total determinate prison term of thirteen years.
27
28  _____
    [1]This information is derived from the petition for writ of habeas corpus.

1  Petitioner thereafter appealed the conviction. On August 3, 2006, the California Court of
2  Appeal, Fifth Appellate District (hereinafter "5th DCA") affirmed the conviction. Petitioner then filed
3  a petition for review with the California Supreme Court. The California Supreme Court denied
4  review on October 18, 2006.

5  On March 2, 2007, Petitioner filed the instant petition for writ of habeas corpus in this Court
6  raising the following four grounds for relief: 1) "The Trial Court erred by failure to give a Lesser-
7  Included Instruction in relation to the Kidnaping Count, in violation of my Sixth Amendment Right
8  to a Jury Trial"; 2) "Imposition of the Sentence Enhancement Under Section 12022.53, Subd. (B) of
9  Ten Years is Cruel and Unusual Punishment Under the Eighth Amendment to the United States
10 Constitution, Article I, Sec. 17 CA Const."; 3) "Prosecutorial Misconduct by making Inflammatory
11 comments in the presence of the Jury. He was misleading in presenting the evidence."; and 4) "Lack
12 of Proper Defence."

13                                    **DISCUSSION**

14 A.  Procedural Grounds for Motion to Dismiss

15  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
16 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
17 entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 8 indicate that the
18 court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4,
19 pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See
20 Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

21 B.  Exhaustion of State Remedies

22  A petitioner who is in state custody and wishes to collaterally challenge her conviction by a
23 petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The
24 exhaustion doctrine is based on comity to the state court and gives the state court the initial
25 opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501
26 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,
27 1163 (9th Cir. 1988).

28  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

1  full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.
2  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88
3  F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full
4  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the
5  claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504
6  U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

7      Additionally, the petitioner must have specifically told the state court that she was raising a
8  federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669
9  (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);
10 Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court
11 reiterated the rule as follows:

12     In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
   of state remedies requires that petitioners "fairly presen[t]" federal claims to the
13 state courts in order to give the State the "'opportunity to pass upon and correct
   alleged violations of the prisoners' federal rights'" (some internal quotation marks
14 omitted). If state courts are to be given the opportunity to correct alleged violations
   of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
15 are asserting claims under the United States Constitution. If a habeas petitioner
   wishes to claim that an evidentiary ruling at a state court trial denied [her] the due
16 process of law guaranteed by the Fourteenth Amendment, [s]he must say so, not only
   in federal court, but in state court.
17
   Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:
18
       Our rule is that a state prisoner has not "fairly presented" (and thus
19 exhausted) [her] federal claims in state court *unless [s]he specifically indicated to
   that court that those claims were based on federal law*. See Shumway v. Payne,
20 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
   Duncan, this court has held that the *petitioner must make the federal basis of the*
21 *claim explicit either by citing federal law or the decisions of federal courts, even*
   *if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889
22 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
   underlying claim would be decided under state law on the same considerations
23 that would control resolution of the claim on federal grounds. Hiivala v. Wood,
   195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
24 (9th Cir. 1996); . . . .
       In Johnson, we explained that the petitioner must alert the state court to
25 the fact that the relevant claim is a federal one without regard to how similar the
   state and federal standards for reviewing the claim may be or how obvious the
26 violation of federal law is.

27 Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

28     In the amended petition before the Court, Petitioner raises four grounds for relief. Petitioner

concedes that Grounds Three and Four have not been presented to the California Supreme Court. Grounds Three and Four are therefore unexhausted.

The instant petition is a mixed petition containing exhausted and unexhausted claims. The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claim if she can do so. See Rose, 455 U.S. at 521-22. However, Petitioner will be provided with an opportunity to withdraw the unexhausted claims and go forward with the exhausted claims.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED without prejudice.[2] This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Petitioner may, at her option, move to withdraw the unexhausted claims within thirty (30) days of the date of service of this Recommendation and proceed with only the exhausted claims. If Petitioner fails to withdraw the unexhausted claims within the thirty (30) day time frame, the Recommendation will be submitted to the District Judge for dismissal of the petition so Petitioner can return to state court to exhaust her unexhausted claims. Rose, 455 U.S. at 520. This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. However, this does not mean that Petitioner will not be subject to the one year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed

---

[2] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

1  request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the
2  time an application is pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001).
3        Within thirty (30) days after being served with a copy of this Findings and Recommendation,
4  any party may file written objections with the Court and serve a copy on all parties.  Such a
5  document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."
6  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if
7  served by mail) after service of the Objections.  Provided Petitioner does not move to withdraw the
8  unexhausted claims, the Finding and Recommendation will be submitted to the District Court for
9  review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are
10 advised that failure to file objections within the specified time may waive the right to appeal the
11 Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
12
13     IT IS SO ORDERED.
14 **Dated:   March 21, 2007**          /s/ **Dennis L. Beck**
   3b142a                        UNITED STATES MAGISTRATE JUDGE
15
16
17
...
28

U.S. District Court
E. D. California     cd                    5